**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> § CASE NUMBER 9:17-CR-00008-2-RC <br> v. § <br> § <br> § <br> DIEGO GAMARRA § <br> § | |

## ORDER

Pending before the court is Defendant Diego Gamarra's "Unopposed Request for Psychological Evaluation Pursuant to 18 U.S.C. § 3552(b)." (Doc. No. 50.) For the following reasons, the motion is **DENIED** subject to reassertion.

On April 19, 2017, the Grand Jury returned a First Superseding Indictment charging Gamarra in Count One with using a facility of interstate commerce to knowingly persuade, induce, entice and coerce any individual who had not attained the age of 18 years to engage in any sexual activity for which any person could be charged with an offense. See 18 U.S.C. §§ 2422(b) and 2. (Doc. No. 16.) On May 19, 2017, Gamarra entered a plea of not guilty to Count One of the Indictment. (Doc. No. 43.) The case is currently set for a final pre-trial conference on August 3, 2017 with jury selection and trial to begin on August 14, 2017. (Doc. No. 49.)

On June 21, 2017, Gamarra filed the instant motion requesting a sixty-day evaluation under 18 U.S.C. § 3552(b) to determine if Gamarra has a psychological issue that could act as a mitigating factor in his sentence, assist in plea negotiations, and identify what treatment he needs to return to a successful life. (Doc. No. 50.) In support of this sealed motion, Gamarra raises the possibility that certain events occurred in the past—which defense counsel is investigating but at

this point are unsubstantiated—that would tend to explain his alleged behavior for the conduct charged in Count One.  Most importantly, however, Gamarra's counsel claims the court has the ability to order this evaluation at this time, as there is no requirement to perform the evaluation after his guilty plea or after receipt of the presentence report.  (Doc. No. 50 p. 3.)

The undersigned disagrees.  "If the court, before or after its receipt of a [presentence report or presentence examination and report by psychiatric or psychological examiners], desires more information than is otherwise available to it as a basis for determining the sentence to be imposed on a defendant *found guilty of a misdemeanor or felony*, it may order a study of the defendant."  18 U.S.C. § 3552(b) (emphasis added).  At this time, Gamarra has not been found guilty, thus a request of this nature is premature.  Nothing in this order shall prevent defense counsel from retaining his own mitigation expert to conduct whatever testing he believes meet the needs of the case, as long as it does not disturb the current settings in this matter.

For the foregoing reasons, Gamarra's "Unopposed Request for Psychological Evaluation Pursuant to 18 U.S.C. § 3552(b)" (Doc. No. 50), is **DENIED**, subject to reassertion should he be found guilty in this matter.

SIGNED this 23rd day of June, 2017.

_____
Zack Hawthorn
United States Magistrate Judge