| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 9:17-CR-8(2) |
| § | |
| DIEGO GAMARRA § | |

**MEMORANDUM AND ORDER**

Pending before the court is Diego Gamarra's ("Gamarra") *pro se* Motion to Modify Conditions of Supervised Release (#176), wherein Gamarra seeks modification of various conditions imposed in relation to his five-year term of supervised release. Gamarra's supervising United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Texas prepared a report and recommends that the court deny the motion. The Government also opposes the requested modifications. Having considered the pending motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Gamarra's motion should be denied.

I.   Background

On April 19, 2017, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a First Superseding Indictment against Gamarra and two codefendants, charging him in Count One with Coercion and Enticement of Minors and Aiding and Abetting in violation of 18 U.S.C. §§ 2422(b) and 2. On November 7, 2017, Gamarra pleaded guilty to this offense without a written plea agreement before Magistrate Judge Hawthorn, who issued a Report and Recommendation on Plea of Guilty regarding Gamarra's plea on November 8, 2017. Senior District Judge Clark adopted the Findings of Fact and Recommendations of Judge Hawthorn on November 29, 2017, and found Gamarra guilty of the charged offense. On September 11, 2018,

Judge Clark sentenced him to 210 months' imprisonment, followed by 5 years of supervised release. Gamarra filed his Notice of Appeal on September 12, 2018. The Judgment was filed with the court on September 23, 2018, along with the Statement of Reasons. The Judgment imposed the standard conditions of supervised release along with certain special conditions due to the nature of the offense. Probation summarized these special conditions, as follows:

> Said term of supervised release is subject to the standard conditions of supervision, plus special conditions to include payment of any financial penalty imposed by the judgment; financial disclosure; prohibited from incurring new credit, opening additional lines of credit, and gambling unless payment of any financial obligation ordered by the Court has been paid in full; sex offender aftercare; prohibited from contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; prohibited from the purchase, possession, or contact with any device that can be connected to the internet, with an exception for an internet-equipped device for employment purposes, which requires employer notification of the defendant's criminal history and an agreement that the defendant use the device for work purposes only; participation in the computer monitoring program, which includes a prohibition from circumventing monitoring software and a requirement to disclose all on-line account information and billing records deemed necessary to monitor computer usage; prohibited from the purchase, possession, or use of digital cameras or recorders, and other type of recording and/or photographic equipment; prohibited from possessing or viewing sexually explicit conduct, as defined under 18 U.S.C. § 2456(2)(A); must submit to search; and a $100.00 special assessment.

On appeal, Gamarra asserted that he was not properly informed of the nature of the charge, in violation of Rule 11; he should not have received a two-level sentencing enhancement for unduly influencing the minor victim; he should have received a sentencing reduction for being a minor participant; and the court failed to pronounce orally the special conditions of supervised release. *United States v. Gamarra*, 812 F. App'x 259, 259 (5th Cir. 2020). He did not contest the substance of the special conditions of supervised release. The United States Court of Appeals for the Fifth Circuit rejected all the grounds of appeal raised and affirmed the judgment of the

district court on July 15, 2020. *Id.* at 260. Mandate was entered on August 6, 2020. Gamarra did not seek a writ of certiorari from the Supreme Court of the United States.

Gamarra filed a Motion to Vacate, Set Aside or Correct Sentence on September 13, 2021. In the motion, Gamarra claimed that his conviction and sentence should be vacated because trial counsel provided ineffective assistance by failing to challenge the adequacy of the factual basis of the plea. Again, Gamarra did not challenge any of the special conditions of supervised release. On July 22, 2024, Judge Hawthorn issued a Report and Recommendation rejecting Gamarra's contentions and recommending that the Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed. On September 11, 2024, District Judge Michael Truncale adopted Judge Hawthorn's Report and Recommendation and entered Final Judgment denying and dismissing Gamarra's motion. Gamarra did not appeal the judgment. Gamarra is currently housed at Federal Correctional Institution Seagoville, located in Seagoville, Texas, serving his 210-month sentence of imprisonment. Gamarra's projected release date is April 2, 2031.

In his pending motion, Gamarra contests the following conditions of supervised release:

(1) "Defendant is prohibited from 'purchasing, possessing, having contact with, or using any device that can connect to the internet or store digital material' without prior notification and approval from the probation officer. If used for employment, the probation officer must notify the employer of Defendant's criminal history.";
(2) "Defendant is prohibited from 'purchasing, possessing, or using a digital camera, digital recorder, or any other type of recording or photographic equipment'";
(3) "You may not have any contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer"; and
(4) "You must not possess or view any image in any form of media or on any live venue that depicts sexually explicit conduct. For the purpose of this special condition or supervision the term sexually explicit conduct is defined by 18 U.S.C. § 2256(2)(a)."

Gamarra maintains that he seeks modification of these conditions because they are unduly restrictive and create unnecessary burdens on his ability to secure employment and access education. He further contends that one restriction is not directly related to the offense for which he was convicted. Gamarra claims that he is scheduled for home confinement in July 2027 and seeks to prepare himself for adequate reintegration into society.

II.     Nature and Circumstances of the Offense of Conviction

In 2016, Codefendant Travis Young placed an advertisement on Craig's List offering potential customers to have sex with a nine-year-old female child ("the victim"). Further investigation revealed that the victim was Young's daughter. A search of Young's cell phone revealed numerous Kik messages to and from Young discussing the sexual exploitation of children and the distribution of child pornography. From November 18, 2016, through December 28, 2016, Young exchanged messages with another Kik user, later identified as Gamarra, who was utilizing the user names "nicewoody84" and "hope8787." The messages included conversations between Young, Gamarra, and Codefendant Esparanza Sanchez, Gamarra's common law wife, in which they discussed meeting to engage in sexual acts with the victim.

Gamarra purchased a hotel room at the Best Western Plus Crown Colony Inn and Suites in Lufkin, Texas, to arrive on December 26, 2016, and depart the following day. Gamarra and Sanchez resided in Katy, Texas, about 150 miles away from Lufkin, Texas. On December 26, 2016, Kik user "nicewoody84" (Gamarra) informed Young that he and "hope8787" (Sanchez) were located at "3211 S 1st Street, Lufkin, TX," the address of the Best Western hotel. Young and the victim met with Gamarra and Sanchez in the hotel room that day. The victim performed oral sex on Young under the covers while Gamarra and Sanchez watched. According to Gamarra,

4

Young wanted all parties to touch the victim inappropriately, but neither he nor Sanchez did so, although Sanchez took her shirt off to make the victim feel more comfortable. The victim confirmed that Gamarra and Sanchez were present in the hotel room with her and Young. She said Young wanted Sanchez to touch the victim's genitals, but neither Sanchez nor Gamarra touched her. Afterward, Young sent a Kik message to Gamarra, which stated, "Im home lol yea it was good at least yall got to see her suck me in person." Gamarra replied, "Yes it was awesome." Other Kik messages indicate that the defendants intended to establish an ongoing relationship centered around sex and including the victim. Agents seized a desktop computer during a search of Gamarra's residence. An analysis of the computer disclosed 131 images of child pornography found as thumbcache files.

III.  Analysis

The imposition, modification, or revocation of a term of supervised release is governed by 18 U.S.C. § 3583. The district court has discretion to impose any condition of supervised release that it deems appropriate so long as certain requirements are met. 18 U.S.C. § 3583(d). First, the condition must be reasonably related to one of four factors set out in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

18 U.S.C. § 3583(d)(1); *United States v. Kielbasinski*, 783 F. App'x 371, 374 (5th Cir. 2019) (quoting *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009)); *United States v. Rocha*, 732 F. App'x 291, 294 (5th Cir. 2018); *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016); *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014); *United States v. Buchanan*,

485 F.3d 274, 287 (5th Cir. 2007). Second, the condition cannot impose any greater deprivation of liberty than is reasonably necessary to advance these goals. 18 U.S.C. § 3583(d)(2); *Kielbasinski*, 783 F. App'x at 374; *Weatherton*, 567 F.3d at 153; *Buchanan*, 485 F.3d at 287 (citing *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001)); *accord Gordon*, 838 F.3d at 604; *Salazar*, 743 F.3d at 451. Finally, the condition must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(3); *Kielbasinski*, 783 F. App'x at 374; *Weatherton*, 567 F.3d at 153. After considering the eight factors set forth in 18 U.S.C. § 3553(a)[1], the court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2); *see United States v. Johnson*, 529 U.S. 53, 60 (2000) ("The trial court, as it sees fit, may modify an individual's conditions of supervised release.").

In this instance, Gamarra's request for modification of the terms of his supervised release is premature. Gamarra's projected release date from the Bureau Of Prisons is April 2, 2031, more than six years in the future, when his supervised release term is expected to begin. Requests for modification are premature or unripe if they are speculative or rest on contingent future events that may not occur as anticipated. *United States v. Ehret*, No. 21-40916, 2023 WL 3220915, at *1 (5th Cir. May 3, 2023) (citing *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003)).

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") provisions and policy statements; any pertinent policy statement of the United States Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

In *Ehret*, the Fifth Circuit upheld the district court's determination that the defendant's motion to modify the conditions of his supervised release was unripe when it was filed approximately one year before he was due to be released. *Id.* Similarly, the Fifth Circuit affirmed the district court's denial of a prisoner's motion to modify the conditions of supervised release, reasoning that because the movant was still incarcerated, the challenge to her conditions of release was premature. *United States v. Poff*, No. 21-20649, 2022 WL 16570794, at * 1 (5th Cir. Nov. 1, 2022). The Seventh Circuit likewise upheld the district court's rejection of a prisoner's motion to modify the conditions of supervised release as premature. *United States v. Johnston*, Nos. 23-2792, 23-3032, 23-3066, 2023 WL 8184870, at * 1 (7th Cir. Nov. 27, 2023). The court explained that although 18 U.S.C. § 3583(e)(2) allows a judge to modify the terms and conditions of supervised release "at any time," "the statute does not *compel* a judge to act on the merits whenever a prisoner asks." *Id.* Instead, "[j]udges may postpone decision until closer to release, when the appropriateness is more readily gauged." *Id.* (citing *United States v. Siegel*, 753 F.3d 705, 717 (7th Cir. 2014)). The Fourth Circuit also affirmed the district court's dismissal of a prisoner's motion to modify his conditions of supervised release as premature. *United States v. Elinski*, 852 F. App'x 736, 737 (4th Cir. 2021). As Probation points out in the case at bar:

> While it is not unusual for a modification of conditions to be pursued while a defendant is serving the term of imprisonment, it is unusual to modify conditions this far in advance of release. Typically, modifications are requested by the probation office when investigating a release plan and additional conditions are needed to protect the public and/or align with current district practices and procedures. In this case, there is no release plan to investigate and Mr. Gamarra's release is more than 6 years away. Mr. Gamarra noted in his motion that he is scheduled for home confinement in July 2027. That will not be when his supervised release starts. Mr. Gamarra's term of supervised release will not begin until he is released from Bureau of Prisons' custody in April 2031. Should he be placed on home confinement at any point prior to that release date, he will still be

>considered an inmate and subject to Bureau of Prisons' rules of home confinement, and not subject to his conditions of release.

Under these circumstances, Gamarra's motion to modify his conditions of supervised release should be dismissed as premature.

Moreover, in this situation, Gamarra's motion fails on the merits. Similar conditions of supervised release have been upheld by the Fifth Circuit and other courts within this district in the context of the sexual exploitation of minors and the possession or transportation of child pornography. *See United States v. McDaniel*, No. 22-10552, 2023 WL 3254992, at *1-2 (5th Cir. May 4, 2023) (rejecting a challenge to a condition of supervised release prohibiting unsupervised contact with persons under the age of 18); *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013) (affirming restrictions on Internet and computer usage); *United States v. Miller*, 665 F.3d 114, 126-37 (5th Cir. 2011) (approving restrictions on computer usage, access to the Internet, photographic and video-recording equipment, and sexually stimulating or sexually oriented materials); *Paul*, 274 F.3d at 165-72 (upholding restrictions on contacts with minors, access to computers and the Internet, and photographic equipment, audio/visual equipment, or any item capable of producing a visual image); *United States v. Luedde*, No. 4-14-CR-152, 2021 WL 490246, at * 2-3 (E.D. Tex. Feb. 10, 2021) (declining to modify conditions of supervised release restricting access to the Internet and contacting children under the age of 18); *United States v. Farrell*, No. 4:06CR103, 2018 WL 1035856, at *1-2 (E.D. Tex. Feb. 23, 2018) (rejecting challenge to restrictions on Internet and computer usage). Although Gamarra pleaded guilty to coercion and enticement of a minor to engage in sexually explicit conduct, he also possessed 131 images of child pornography that were found during a search of his computer. As with the court in *Luedde*, this court finds that Gamarra's supervised release should not be modified at this time

because the terms are reasonable, the conditions are not vague, and he had adequate notice of the proposed conditions during sentencing. *See* 2021 WL 490246, at * 2.

In addition, Gamarra could have challenged the conditions of his supervised release at sentencing or on appeal, but he failed to do so. In *Elinski*, the court held that § 3583(e)(2) does not authorize district courts to entertain challenges to the legality or reasonableness of supervised release conditions based on arguments that a defendant could have made when he was sentenced. 852 F. App'x at 737 (citing *United States v. McLeod*, 972 F.3d 637, 643-44 (4th Cir. 2020)). In contrast, the *Elinski* court recognized that a defendant may bring a motion to modify the terms of his supervised release based on new, unforeseen, or changed legal or factual circumstances. *Id.* Here, Gamarra has not shown that any of his current challenges are new, unforeseen, or based on changed legal or factual circumstances. Accordingly, in this situation, Gamarra's motion to modify his conditions of supervised release is unwarranted and must be rejected as both premature and without merit.

> Nonetheless, as Probation notes:
>
> The U.S. Probation Office routinely seeks to modify special conditions based on current needs of each person on supervision. Mr. Gamarra's case will be reviewed either during his period of home confinement, when he submits a release plan for investigation, or upon his release from imprisonment. Modifications may then be requested based on his needs and the current practices and procedures of the probation office. As stated earlier, these modifications only apply to supervised release and have no effect on home confinement. As such, it is respectfully recommended this motion for modification of conditions be **denied**.

The court concurs with Probation's assessment of the situation and declines to modify any of Gamarra's conditions of supervised release. They were appropriate when imposed and remain so at this time. Gamarra may seek modification of any conditions of supervised release that are

unduly restrictive when his release is imminent and after Probation has implemented any changes deemed appropriate in light of his impending release.

IV.  Conclusion

In accordance with the foregoing, Gamarra's *pro se* Motion to Modify Conditions of Supervised Release (#176) is DENIED.

SIGNED at Beaumont, Texas, this 11th day of December, 2024.

                                              _Marcia A. Crone_
                                              MARCIA A. CRONE
                                              UNITED STATES DISTRICT JUDGE